IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-10005
Summary Calendar
_____


UNITED STATES OF AMERICA

                                        Plaintiff - Appellee

                        versus

JOHN PATRICK ACORD

                                        Defendant - Appellant


_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CR-121-1-P
_____

February 22, 1999

Before HIGGINBOTHAM, JONES, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

        Acord appeals the district court's denial of his motion to
discover the transcripts of the grand jury whose indictment led to
his conviction on securities fraud charges.  As a threshold matter,
we reject the government's contention that the motion is moot.  The
case the government principally relies on, Amar v. Whitley, 100
F.3d 22 (5th Cir. 1996), finds mootness only because a party
seeking monetary damages has already received those damages.  The

_____

        [*]Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

government here claims mootness because this court has already affirmed the denial of Acord's habeas action. See United States v. Acord, No. 97-10643 (5th Cir. Apr. 6 1998). The present discovery action, however, is independent of the habeas action. Even if the substantive law allowed the discovery of grand jury transcripts only where a habeas petition remains pending, the proper disposition would be to dismiss on the merits, not to find a jurisdictional bar.

The basis for Acord's request is Federal Rule of Criminal Procedure 6(e)(3)(C)(i), which allows disclosure of matters occurring before the grand jury "when so directed by a court preliminarily to or in connection with a judicial proceeding." The word "preliminarily" indicates that such a request does not depend on the pendency of such a judicial proceeding. Acord indicates that he plans to use the grand jury evidence in filing a second habeas petition. See 28 U.S.C. § 2244(B)(i) (allowing for a second habeas petition where "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence").

To succeed on his discovery motion, Acord must demonstrate the need for grand jury materials "with particularity." See, e.g., United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958). The district court's decision must balance competing interests, and "secrecy will not be broken absent a compelling necessity for the materials." In re Special Grand Jury 89-2, 143 F.3d 565, 569 (10th Cir. 1998). Acord's petition identifies several inconsistencies

2

between the indictment and a security prospectus that would have been used as evidence against him and to which he claims he did not have access prior to pleading guilty.

Acord does not, however, identify a legal theory that would make his second habeas petition likely to succeed given the factual predicate of inconsistencies between the indictment and the prospectus. Moreover, this is not a situation in which alleged grand jury violations "strike at the fundamental values of our judicial system and our society as a whole," and thus necessarily make grand jury improprieties cognizable in habeas corpus. Rose v. Mitchell, 443 U.S. 545, 556 (1979).

The decision to disclose grand jury proceedings is a matter within the district court's discretion. See, e.g., United States v. Benton, 637 F.2d 1052, 1059 (5th Cir. Unit B 1981). While Acord has done more than make bare allegations of a need for grand jury materials, we do not find that his need for them is so clear as to make the district court's denial of his request an abuse of discretion.

AFFIRMED.